*17 OPINION OF THE COURT
Memorandum.
Order modified by deleting the provision thereof directing both dogs to be humanely euthanized, and by providing (1) that said dogs shall be neutered and microchipped, and proof of neutering and microchipping filed with the court below, within 30 days of the service of the order entered hereon with notice of entry; (2) that said dogs, when in public, shall be muzzled as provided by Agriculture and Markets Law § 121 (2) (d) and restrained by a person not less than 21 years of age; (3) that when not so restrained, said dogs shall be confined within the owner’s house or in a locked pen constructed of cyclone fencing or substantially similar metal-based material, the sides of which are to be so affixed to posts and to a concrete footing and/or pad that the dogs cannot push through, climb over or dig out of such pen, which is to be no less than six feet in height and provided with appropriate shelter from the elements in accordance with Agriculture and Markets Law § 353-b, plans for said pen and shelter to be submitted to the court below for review to determine compliance herewith within 90 days of service of the order entered hereon with notice of entry, and construction to be completed within a reasonable period to be determined by the court below; and (4) that defendant shall maintain a liability insurance policy in an amount of no less than $75,000 for personal injury or death resulting from attack by either or both of said dogs, proof of said coverage to be filed with the court below within 60 days of service of the order entered hereon with notice of entry, and yearly thereafter so long as either or both said dogs shall be housed within the jurisdiction of the court below; as so modified, order affirmed without costs.
In this proceeding commenced pursuant to Agriculture and Markets Law § 121, petitioner alleged that on March 30, 2005 respondent’s two pit bull terriers (Storm and Bishop) attacked another dog (Sophie) and that this was the third such incident. After a hearing, the court declared respondent’s dogs to be dangerous and ordered respondent to humanely destroy them. In our view, although petitioner failed to establish, by the required clear and convincing evidence, circumstances sufficient to support an order of destruction as to the two pit hull terriers at issue, the evidence was sufficient to establish that the dogs are dangerous dogs.
Before a dog may be ordered to be humanely destroyed, Agriculture and Markets Law § 121 (3) requires both that a *18 dangerous dog finding be made and that aggravating circumstances be established, i.e., unjustified attack upon a person, causing serious physical injury or death; prior unjustified attack upon a person causing serious physical injury or death; or a prior attack on a companion or farm animal resulting in a dangerous dog determination. None of the foregoing aggravating circumstances were established to warrant an order of destruction.
However, the serious nature of the attack upon a dog owned by neighbors, resulting in clearly serious injuries to that dog, and repeated acts of aggression toward other dogs in the neighborhood warrant the imposition of the conditions set forth herein in accordance with Agriculture and Markets Law § 121 (2).
Rudolph, EJ., McCabe and Lippman, JJ., concur.